UTICA,
October, 1822.

BREESE
v.
WILLIAMS.

BREESE *against* WILLIAMS and BOIES.

No appeal lies from the judgment of a Justice's Court on a demurrer, or an *issue at law*, to a Court of Common Pleas, under the act to extend the jurisdiction of Justices of the Peace. (Sess. 41. ch. 94.) Where there is an appeal from a Justice's Court, after a trial on an *issue of fact*, there should be a new trial by jury, upon the testimony of the same witnesses, of such issue, taken on proper pleadings in the Court of Common Pleas.

IN ERROR to the Court of Common Pleas of *Washington* county. *Williams* and *Boies* sued *Breese* in a Justice's Court, on a promissory note, dated *December* 13, 1817, for twenty-six dollars, with interest. *Breese* admitted, that he gave the note, and pleaded in bar a discharge under the insolvent act, and produced his discharge, dated *April* 28, 1818, signed by *William Robards*, first Judge of the Court of Common Pleas of *Washington* county. The plaintiffs demurred to the plea; and the Justice, considering the discharge invalid, gave judgment for the plaintiffs, for 28 dollars and 78 cents. The defendant appealed, under the act passed *April* 10th, 1818, (sess. 41. ch. 94.) to the Court of Common Pleas of *Washington* county. On the return of the proceedings, there was, according to the practice of that Court, a general assignment of errors, and a joinder of *in nullo est erratum ;* and on this issue, the Court of Common Pleas affirmed the judgment of the Justice's Court; and on the judgment of the Common Pleas of *Washington*, a writ of error was brought, returnable to this Court.

The practice of the Court of Common Pleas of *Washington* county, of proceeding by a general assignment of errors and joinder, is incorrect and improper.

On the return to the writ of error, the case was submitted without argument.

*Per Curiam.* The recovery before the Justice was for more than $25, besides costs; but it was upon an *issue in law*, without any *issue in fact.* The 17th section of "the act to extend the jurisdiction of Justices of the Peace," gives a right of appeal where a judgment shall be " rendered, either upon verdict or without a jury trial, above the sum of twenty-five dollars." (Sess. 41. ch. 94.) According to the scope and provisions of the whole act, it is clear, that the right of appeal applies only to judgments on issues in fact. The statute contemplates and provides for a new trial upon the testimony of the same witnesses only ; and requires, contrary to the practice of the *Washington* Common Pleas, that such *issues in fact* shall be *tried by a jury*, upon a proper issue framed, by pleading in the Court of Common Pleas.

By the 21st section of the same act, the remedy, *by certiorari*, is given in all cases, "where an appeal is not provided for" by that act.

This was a case for *certiorari* ; (if the Justice's judgment was erroneous ;) and it follows, that the Court of Common Pleas had no jurisdiction of the cause. The proceedings were *coram non judice* ; and it is of no consequence, that the present plaintiff in error made the appeal to the Common Pleas ; because, consent cannot confer jurisdiction. The judgment of the Common Pleas is a nullity; and the Justice's judgment remains in full force. The writ of error must be quashed.

Writ of error quashed.